UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

CIVIL ACTION NO. 04-245-DLB

BRENDA BURCHETT                                                                                    PLAINTIFF

vs.                               **MEMORANDUM OPINION & ORDER**

JO ANNE B. BARNHART, Commissioner
SOCIAL SECURITY ADMINISTRATION                                                     DEFENDANT

*******************

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. Having reviewed the record and for the reasons set forth below, the Court hereby reverses and remands the Commissioner's decision.

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Brenda Burchett filed applications for supplemental security income (SSI) and disability insurance benefits (DIB) on August 16, 2000. Her applications were denied initially and upon reconsideration.  Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on September 17, 2002.  On October 7, 2002, the ALJ issued an unfavorable decision, finding that Plaintiff was not under a disability.  The Appeals Council subsequently denied Plaintiff's request for review by letter dated May 6, 2004, and the ALJ's decision became the final decision of the Commissioner.

Plaintiff, who was 44 years old at the time of the hearing, completed an eleventh grade education and received her GED.  She alleges an inability to work beginning on

1

August 24, 1999 due to a work-related back injury, asthma, and depression. At the hearing before the ALJ, Plaintiff indicated that she can only sit for 15-20 minutes, stand for 10 minutes, cannot lift a 5-pound bag of flour, and can only walk one-third of a football field. She also testified that she avoids steps and cannot stoop.

Having exhausted her administrative remedies, Plaintiff filed the instant action on June 23, 2004. The matter has culminated in cross motions for summary judgment, which are now ripe for review.

## II.  DISCUSSION

### A.  Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.,* 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Social Security,* 203 F.3d 388, 389-90 (6th Cir. 1999).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments are "severe"; Step 3, whether the impairments meet or equal

a listing in the Listing of Impairments; Step 4, whether the claimant can still perform his past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Social Security,* 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

**B.     The ALJ's Determination**

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 24, 1999, her alleged onset date. At Steps 2 and 3, the ALJ found that Plaintiff's back injury, asthma, and depression constitute severe impairments, but that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform light work. Specifically, the ALJ found that Plaintiff can lift 20 pounds occasionally, 10 pounds frequently; and can sit, stand, and walk for 6 hours during an 8-hour workday. In addition, the ALJ found that she can occasionally climb, stoop, bend, and crawl. Based on that assessment, the ALJ concluded that Plaintiff is unable to perform her past relevant work as a certified nursing assistant (CNA). At Step 5, however, the ALJ found that she is capable of making a successful adjustment to work that exists in significant numbers in the regional and national economies. This conclusion resulted from testimony by a vocational expert ("VE"), in response to a hypothetical question assuming an individual of Plaintiff's age, education, past relevant work experience, and RFC.

**C.     Analysis**

In this appeal, Plaintiff's first contention of error is that the hypothetical question posed by the ALJ to the VE at the September 17, 2002 hearing failed to accurately portray her mental impairment. In particular, Plaintiff alleges that the ALJ adopted some, but not all, of Dr. Ann Demaree's opinion, as reflected in the Mental RFC form she completed on January 22, 2001. Plaintiff also generally alleges that the ALJ erred in failing to conduct a function-by-function assessment of her work-related abilities, which is required by SSR 96-8p.

Plaintiff alleges that the ALJ's written decision does not comply with SSR 96-8p. Among other things, that regulation requires an ALJ to individually assess a claimant's exertional (lifting, carrying, standing, walking, sitting, pushing, and pulling) and non-exertional (manipulative, postural, visual, communicative, and mental functions) abilities in determining her residual functional capacity. *Delgado v. Comm'r of Social Security*, No. 00-4200, 2002 WL 343402 (6th Cir. Mar. 4, 2002). Specifically, SSR 96-8p mandates a "function-by-function evaluation" of a claimant's work-related abilities. The Sixth Circuit has held, however, that SSR 96-8p does not require the ALJ to discuss those capacities for which no limitation is alleged. *Id*. In that vein, the ALJ concluded that Plaintiff retained that following RFC:

> Accordingly, the undersigned finds that the medical evidence of record supports a finding that the claimant retains the residual functional capacity to perform the requirements of light unskilled work. Specifically, the claimant could lift 20 pounds occasionally, 10 pounds frequently, and sit, stand and walk about 6 hours out of an 8-hour workday. In addition, she can perform no more than occasional climbing, stooping, bending and crawling.

(Tr. 19).

The ALJ based his determination upon the opinions of two state agency physicians - Dr. James Ross and Dr. Lynnell Carter Dupont. Both examiners imposed identical exertional and postural restrictions, which were ultimately adopted by the ALJ. (Tr. 239-46, 266-73). The excerpt from the ALJ's written decision reveals that he properly assessed Plaintiff's abilities for which limitations were imposed on a "function-by-function" basis. Therefore, the Court concludes that Plaintiff's argument that the ALJ failed to comply with SSR 96-8p is without merit.

The Court now turns to Plaintiff's other alleged error, that is, the hypothetical question did not accurately portray her mental impairment. In particular, Plaintiff alleges that the ALJ adopted some, but not all, of Dr. Ann Demaree's opinion. Dr. Demaree completed a Mental RFC form on January 22, 2001, which indicated that Plaintiff is moderately limited in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; interact appropriately with the general public; and respond appropriately to changes in the work setting. (Tr. 261-62). Dr. Demaree also noted that "she retains the ability to understand/remember directions, complete tasks and could adapt in a work setting that involved minimal public contact." (Tr. 263). Dr. Jane Brake concurred in that assessment. (Tr. 235-37). Based on these findings, the ALJ posed the following hypothetical question to the VE at the hearing:

> First hypothetical, let's assume we have an individual same age, education, past work experience as the Claimant. Assume the individual can perform light exertional activity with only occasionally climbing, bending, stooping, crawling. That she'd be able to retain the ability to understand, remember directions, complete tasks. Could adapt to a work setting that involved minimal public contact. Any jobs such an individual could perform?

(Tr. 342). The VE responded affirmatively and gave the following examples: office clerk,

production inspector, package machine tender, and production assembler. (Tr. 342). Plaintiff contends that the hypothetical was incomplete because it did not include the moderate limitations imposed by Dr. Demaree. Therefore, according to Plaintiff, the hypothetical question and the resulting testimony by the VE do not constitute substantial evidence upon which the ALJ's decision is based.

In her motion, Plaintiff alleges that "the ALJ erred when he gave part of the mental limitations opined by Dr. Demaree's [sic] in her Mental Residual Functional Capacity Assessment to the vocational expert but did not give all." In response, the Commissioner notes that an ALJ is not bound by the opinions of a non-examining medical source, such as Dr. Demaree. In addition, the Commissioner argues that the ALJ's decision was based upon the totality of the evidence, rather than the opinion of any one medical source. While the Commissioner correctly points out that the opinions of non-treating sources are not entitled to the same degree of deference as treating sources (i.e., there is no functional equivalent to the "treating physician" rule for consultative examiners), Dr. Demaree's opinion was consistent with that of Dr. Brake, who was the only other medical source to evaluate the limitations associated with Plaintiff's mental impairment.

The Sixth Circuit has stated that a hypothetical question posed to a vocational expert for purposes of determining whether a claimant can perform other work should include an accurate portrayal of her individual physical and mental impairments. *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). The ALJ's question to the VE in the instant case did not meet this standard. Specifically, the ALJ included some, but not all of the moderate limitations described above. *See Hickman v. Secretary of Health & Human Servs.,* 895 F.2d 1413, 1990 WL 14628, at *6 (6th Cir. 1990)(Table Decision,

6

Text in Westlaw)("The ALJ must articulate a basis for accepting one portion of a doctor's assessment and rejecting another."); *see also Shepherd v. Secretary of Health & Human Servs.,* 758 F.2d 196, 197 (6th Cir. 1985), *rev'd on other grounds, Mullen v. Bowmen,* 800 F.23d 535 (6th Cir. 1986) (en banc). While there may be legitimate reasons for not including the additional limitation that Plaintiff's ability to perform activities within a schedule, maintain regular attendance and be punctual with customary tolerances is moderately limited, the ALJ failed to address that in the hypothetical question. That failure was compounded by the fact that, on cross-examination, the VE conceded that Plaintiff's ability to perform the "other work" would be uncertain if she was unable to maintain regular attendance. Based on these facts, as well as the applicable case law, the Court concludes that the ALJ's decision is hereby reversed and remanded for clarification regarding the limitations associated with Plaintiff's mental impairments, and her ability to perform other work in the economy.

### III.  CONCLUSION

Accordingly, for the reasons stated,

**IT IS ORDERED** that the decision of the Commissioner is found not to be supported by substantial evidence and is hereby **REVERSED,** with this action **REMANDED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. #9) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. #5) is hereby **GRANTED.**

A Judgment reversing and remanding this matter will be entered contemporaneously herewith.

Dated this 28th day of September, 2005.

Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\SocialSecurity\MOOs\7-04-245-BurchettMOO.wpd